UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| WILLIAM DECORY,<br><br>                Plaintiff,<br><br>   vs.<br><br>R.C.P.D. Officer Glass, individual capacity; PUBLIC DEFENDER CONNER DUFFY, individual capacity; and CAPT. BROOKE HAGA, Pennington County Jail,<br><br>                Defendants. | CIV. 15-5014-JLV<br><br>ORDER |

**INTRODUCTION**

On March 4, 2015, plaintiff William Decory, appearing *pro se*, filed a complaint under 42 U.S.C. § 1983 and 28 U.S.C. § 2254 claiming various violations of his constitutional rights. (Docket 1). Mr. Decory also filed a motion for leave to proceed *in forma pauperis*. (Docket 2). Mr. Decory did not mark on the prisoner civil rights complaint form any of the listed jurisdictional bases for his complaint. (Docket 1). Mr. Decory asserts a jurisdictional basis for his complaint under "Decory v. Glass." Id. The court interprets Mr. Decory's first claim as an ineffective assistance of counsel claim against his former attorney, Connor Duffy,[1] brought under 28 U.S.C. § 2254. Id. at 3. The court interprets Mr. Decory's second claim against Rapid City Police Officer Glass as brought under 42 U.S.C. § 1983. Id. at 4. The court interprets Mr.

---

[1] The court is aware that Connor Duffy is an attorney at the Pennington County Public Defender's Office.

Decory's third claim against Captain Brooke Haga as brought under 42 U.S.C. § 1983.  Id. at 5.   The court analyzes Mr. Decory's  § 2254 claim and § 1983 claims separately.

## DISCUSSION

**1.      Mr. Decory's 28 U.S.C. § 2254 Claim**

Mr. Decory's § 2254 petition must be dismissed.[2]   Federal review of Mr. Decory's claim is premature because Mr. Decory failed to demonstrate that his state remedies have been exhausted or exceptional circumstances exist which warrant a waiver of the exhaustion requirement.   See Carmichael v. White, 163 F.3d 1044, 1045 (8th Cir. 1998); see also 28 U.S.C. § 2254(b)(1)(A).

South Dakota law provides Mr. Decory with an avenue for habeas corpus relief.   See SDCL Chapter 21.   South Dakota prisoners file their petitions first in the circuit court where their conviction occurred.   SDCL § 21-27-14.1.   The South Dakota Supreme Court reviews final state habeas judgments or orders upon the issuance of a certificate of probable cause by the circuit court.   See SDCL § 21-27-18.1.   If no certificate of probable cause is issued by the circuit court, the prisoner may file a separate motion with the South Dakota Supreme Court requesting the certificate directly from the Supreme Court.   Id.

"As a general rule, a petitioner seeking a writ of habeas corpus under § 2254 must first exhaust his available state remedies."   Sund v. Young, No.

---

[2]Mr. Decory's ineffective assistance of counsel claim against Mr. Duffy is premised on Mr. Duffy allegedly pressuring Mr. Decory into a plea agreement rather than going to trial.   See Docket 1 at p. 3.   Mr. Decory seeks to withdraw his plea.   Id.

CIV. 14-4052-KES, 2014 WL 2506194, at *2 (D.S.D. June 3, 2014) (citing 28 U.S.C. § 2254(b)(1)(A)).  "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  "Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief."  Id. at 844 (citing Rose v. Lundy, 455 U.S. 509, 515-16 (1982) (further citations omitted); see also Mellott v. Purkett, 63 F.3d 781, 784 (8th Cir. 1995).  "A claim is considered exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim."  Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993) (citing Picard v. Connor, 404 U.S. 270, 275-78 (1971).

" 'The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court.' "  Mellott, 63 F.3d at 784 (quoting Keeney v. Tamayo-Reyes, 504 U.S. 1, 10 (1992)).  "A strong presumption exists [in favor of exhaustion] and the exhaustion requirement is waived 'only in rare cases where exceptional circumstances of peculiar urgency are shown to exist.' "  Sund, 2014 WL 2506194, at *2 (quoting Mellott, 63 F.3d at 785).  In Mellott, the United States Court of Appeals for the Eighth Circuit found the prisoner's assertion of a

3

seventeen-month delay in state court was not a circumstance which warranted a waiver of the exhaustion requirement.  Mellott, 63 F.3d at 785.

     Mr. Decory bears the burden to show all available state remedies have been exhausted or that exceptional circumstances exist which warrant waiver of the exhaustion requirement.  Carmichael, 163 F.3d at 1045.  Mr. Decory failed to satisfy this burden.  Mr. Decory propounded no evidence demonstrating his state remedies have been exhausted or even pursued.  Based on Mr. Decory's complaint, the only document submitted for the court's review, the court is without a basis to ascertain the offense to which Mr. Decory pled guilty.  Mr. Decory also failed to adduce any evidence that exceptional circumstances apply to his case which would warrant a waiver of the exhaustion requirement.  Mr. Decory's federal habeas claim is premature and dismissal without prejudice is appropriate.  Id.

     The court takes this opportunity to advise Mr. Decory of the one-year limitation period which applies to § 2254 habeas corpus applications.

> **(d) (1)**  A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
>     **(A)**  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     **(B)**  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> > **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> 
> **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(l) and (2).

**2.    Section 42 U.S.C. § 1983 Claims**

With respect to Mr. Decory's § 1983 claims, the Prison Litigation Reform Act, 28 U.S.C. § 1915, governs proceedings filed *in forma pauperis*. Under § 1915, a prisoner filing a civil suit "shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). On March 5, 2015, the Clerk of Court advised Mr. Decory that the court did not receive a prisoner trust account report along with his motion for leave to proceed *in forma pauperis*. (Docket 3). The Clerk of Court further advised Mr. Decory he must complete and return a prisoner trust account report. Id. To date, Mr. Decory has not paid the filing fee or submitted a properly completed prisoner trust account report.

**ORDER**

In accord with the above discussion and upon review of the record in this case, it is

ORDERED that Mr. Decory's 28 U.S.C. § 2254 claim (Docket 1 at p. 3) is dismissed without prejudice.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 2253(c) and Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the court declines to issue a certificate of appealability. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added) (establishing a two-prong standard).   "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.   In this circumstance, no appeal would be warranted."  Id.   The court does not believe reasonable jurists would find the court's ruling

debatable or wrong.   A certificate of appealability shall not issue in light of the second prong of the Slack standard.

Although the court declines to issue a certificate of appealability, Mr. Decory may timely seek a certificate of appealability from the United States Court of Appeals for the Eighth Circuit under Fed. R. App. P. 22.   See Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Fed. R. App. P. 22.

IT IS FURTHER ORDERED that on or before **May 29, 2015**, Mr. Decory shall file a completed prisoner trust account report signed by an authorized officer of the Pennington County jail.   Failure by Mr. Decory to do so may result in the denial, without further notice, of his motion for leave to proceed *in forma pauperis*.

Dated May 15, 2015.

                                       BY THE COURT:

                                       /s/ *Jeffrey L. Viken*
                                       JEFFREY L. VIKEN
                                       CHIEF JUDGE